JORGE JIMÉNEZ ESCODA ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, Respondent; ARÍSTIDES DÍAZ, Appellee and Intervener.

No. 42. Decided June 28, 1962.

*Rafael Pastor* for petitioners. *José L. Feliú Pesquera* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

On July 29, 1959 an amended complaint for damages was filed against petitioners in the Bayamón Part of the District Court. The hearing on the merits was set for November 30 of that year at 2:00 p. m. On November 25 defendants filed a motion for continuance of the hearing, of which notice was served on the adverse party, alleging that on the same day and hour their attorney was to appear in the District Court, Cayey Part, for the continuation of another civil case; that one of the codefendants had recently undergone a stomach operation and upon medical advice he should be hospitalized the same day of November 30; and that a key witness was ill. Plaintiff objected to the continuance and on November 27 the court dismissed the motion. Notice of the court's refusal to grant the continuance was

given by telegram, but according to the allegations of the attorney for defendants he did not receive the telegram before the trial. The hearing was held without the appearance of petitioners. On December 2, 1959 the attorney moved to set aside the hearing, alleging that he was not informed in due time of the order dismissing the motion for continuance; that he had to appear at the Cayey Part for the continuation of another action; that on the date of the hearing one of the defendants was unable to appear for health reasons; and that a key witness was also unable to testify. The motion to set aside the hearing was dismissed the following December 3, and on that date the court rendered judgment ordering defendants to pay $2,300, the costs, and $150 for attorney's fees. On December 11, 1959 defendants moved to set aside the judgment on the grounds alleged in their motion to set aside the hearing, and their motion was dismissed.

On February 18, 1960 defendants filed a certiorari in the Bayamón Part of the Superior Court setting forth those facts and praying for the annulment of the order of the district court refusing to set aside the judgment. The trial court denied the petition. We issued certiorari to review those actions.

In *Martínez* v. *Superior Court*, 83 P.R.R. 345 (1961), we said the following referring to a petition to set aside a judgment:

"As a procedural question, the trial court erred in dismissing the motion without holding a hearing for the parties. It is evident, from an examination of the six grounds on which a motion to set aside a judgment may be made, that it is indispensable that the parties be heard before passing upon a motion, see *Roca* v. *Thomson*, 77 P.R.R. 396, 409, particularly the motion made in this case in which by the nature of the allegations, the hearing of evidence was absolutely necessary. Under Rule 3 of the Rules of Administration for the Court of First Instance, 4 L.P.R.A., App. II, p. 956, the motion should have been auto-

matically entered on the calendar for *hearings* of motions. See Rule 62.2 of the Rules of Civil Procedure, 32 L.P.R.A., 1960 Cum. Supp., p. 160."

Everything indicates that a sound judicial discretion was somewhat lacking in the trial court. All the orders entered against defendants were made without giving them an opportunity to be heard.

The order appealed from is set aside and the case is remanded to the trial court with instructions to issue a writ of certiorari, to set aside the order of the district court dismissing the motion to vacate the judgment, and to remand the case to that court in order that petitioners be heard on that motion, and then decide as may be proper at law.